UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK GROUP FOR PLASTIC
SURGERY LLP,
                              Plaintiff,

           -v-

ANTHEM BLUE CROSS and ANTHEM,
INC.,
                              Defendants.

20-CV-4234 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff New York Group for Plastic Surgery LLP filed this suit against Anthem Blue Cross and Anthem, Inc. ("Anthem") alleging breach of contract. (*See* Dkt. No. 10 ("Compl.").) Anthem moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 19.) For the reasons that follow, Anthem's motion is granted.

**I.   Background**

The following facts are taken from the operative complaint and are presumed true for the purposes of this motion.

Plaintiff is a physician practice group. (Compl. ¶ 12.) On November 25, 2013, Plaintiff's surgeons performed two procedures on a patient, which it alleges Anthem approved "at an in-network benefit level." (Compl. ¶¶ 17–18; Dkt. No 23-1.)[1] This approval came from an October 31, 2014 Explanation of Benefits (EOB) letter, addressed to one of Plaintiff's

---

[1] The Court may consider certain documents, despite not being attached to the complaint, as nonetheless "integral to the complaint" for purposes of a motion to dismiss. *Holowecki v. Federal Exp. Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006) (citation omitted). It may also consider any documents incorporated by reference in the complaint. *Int'l Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (citation omitted). Here, this includes relevant explanation of benefits documents.

1

surgeons, stating "[w]e have paid this claim directly to the provider at the in-network benefit level."  (Compl. ¶¶ 5, 22; Dkt. No. 27 at 4.)

Between January and April 2014, Anthem reimbursed only a portion of the invoices Plaintiff subsequently submitted — "refus[ing] to apply the in-network rate," using another calculation for out-of-network providers instead — leaving unreimbursed nearly $200,000.  (Compl. ¶¶ 5, 19–21; Dkt. No. 23-1.)  In an October 2017 letter, Anthem confirmed its decision not to use the in-network rate, as required by the patient's insurance plan, to Plaintiff.  (Compl. ¶ 25; Dkt. No. 30-1.)

Plaintiff brought this case on June 3, 2020.  (Dkt. No. 1.)

## II.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  On such motion, the Court "must accept as true all of the factual allegations contained in the complaint."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III.    Discussion

### A.     Motion to Dismiss

Anthem moves to dismiss under three theories: (1) that the claims at issue are time barred; (2) that the two Anthem entities are not proper parties to this case; and (3) that Plaintiff has failed to state a claim for breach of contract.  The Court need only address the third.

Anthem argues that Plaintiff's pleadings fail to state a claim for breach of contract under New York law.  Indeed, Plaintiff's complaint is sparse:  It alleges that its surgeons performed surgery and sought reimbursement from Anthem (Compl. ¶¶ 17, 19–21), that Anthem stated in an EOB that it had "paid this claim directly to the provider at the in-network benefit level" (Compl. ¶ 22), and that Anthem did not do so (Compl. ¶¶ 19–21, 25).

Under New York law, a breach of contract claim requires an agreement, performance, breach, and damages.  *See, e.g.*, *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). "A complaint 'fails to sufficiently plead the existence of a contract' if it does not provide 'factual allegations regarding, *inter alia*, the formation of the contract, the date it took place, and the contract's major terms.' . . . Conclusory allegations that a contract existed or that it was breached do not suffice." *Emerald Town Car of Pearl River, LLC v. Philadelphia Indem. Ins. Co.*, No. 16 Civ. 1099, 2017 WL 1383773, at *7 (S.D.N.Y. Apr. 12, 2017) (quoting *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand*, 455 Fed. Appx. 102, 104 (2d Cir. 2012).

Plaintiff's allegations do not support a breach of contract claim.  Construed in the light most favorable to Plaintiff, the facts alleged do not allow this Court to infer that an agreement existed.  Plaintiff's theory appears to be that an agreement was formed by a single statement in an EOB — dated nearly a year *after* medical services were provided — that Anthem "ha[d] paid this claim directly to the provider at the in-network benefit level."  (Compl. ¶ 22; Dkt. No. 27 at 11.)  While Plaintiff argues that this statement establishes the existence of a contract, the sentence, taken at face value, merely states a past, seemingly erroneous occurrence.  A letter from Anne to Nolan stating "I paid you five dollars for tomatoes" when Anne paid only three dollars does not establish a contract obligating Anne to pay two more dollars; the EOB here, similarly, does not create an agreement.  A meeting of the minds this is not.

3

Indeed, it is only in its opposition that Plaintiff clarifies the date of the EOB at issue. The EOB seemingly arrived *after* Anthem reimbursed Plaintiff at the rate that Plaintiff claims was incorrect. (*See* Dkt. No. 23-1.) To allow Plaintiff to maintain a breach of contract case when performance and damages all occurred months *before* the threadbare "agreement" was allegedly established would fly in the face of logic.

As such, Plaintiff's case must fall.

### B.     Leave to Amend

Plaintiff requests leave to amend the complaint in the event this Court grants any portion of Anthem's motion. (Dkt. No. 27 at 14 n.13.) Anthem does not oppose, and Plaintiff is therefore granted leave to amend.

### IV.    Conclusion

For the foregoing reasons, Anthem's motion to dismiss is GRANTED.

Plaintiff is granted leave to file a Second Amended Complaint within 21 days of the date of this Opinion and Order, provided Plaintiff's counsel has a good faith basis for alleging facts that remedy the failure to state a claim addressed in this Opinion and Order. Alternatively, Plaintiff may file a letter indicating that it elects not to file an amended complaint and the Court will enter judgment of dismissal, permitting an appeal.

The Clerk is Court is directed to close the motion at Docket Number 19.

SO ORDERED.

Dated: January 29, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4